42 F.3d 1384
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
UNITED STATES, Appellee,
v.
Luis Eduardo PUGLIESI, Defendant, Appellant.
 No. 94-1909
 United States Court of Appeals,
First Circuit.
 Dec. 9, 1994
 
 Appeal from the United States District Court for the District of Puerto Rico [Hon. Carmen C. Cerezo, U.S. District Judge ]
 Miriam Ramos Grateroles on brief for appellant.
 Guillermo Gil, United States Attorney, Joseph J. Frattallone, Assistant United States Attorney, and Jose A. Quiles-Espinosa, Senior Litigation Counsel, on brief for appellee.
 D. Puerto Rico
 AFFIRMED
 Before TORRUELLA, Chief Judge, SELYA and BOUDIN, Circuit Judges.
 Per Curiam.
 
 
 1
 Appellant Luis Eduardo Pugliesi appeals the denial by the district court of his motion to compel the government to perform its promise to file a motion for a downward departure if appellant agreed to provide information which did not prove to be false or misleading. We affirm.
 
 
 2
 Prior to entering into a plea agreement on November 16, 1993, Pugliesi was subject to a series of debriefings by the government. During the course of the debriefings, Pugliesi changed his story and admits to having provided false information. However, he claims that the information he provided as of the date of the agreement was truthful.
 
 
 3
 After signing the plea agreement, Pugliesi agreed to participate in a polygraph examination on November 23, 1993. After the completion of the examination, Pugliesi was informed that, in the opinion of the examiner, he had provided answers which were indicative of deception. According to the testimony of his case agent, Pugliesi thereupon admitted that he had lied during the polygraph examination and that he had not "been completely truthful" in the previous debriefings. At Pugliesi's subsequent sentencing, the government refused to file a downward departure motion.
 
 
 4
 The district court supportably found credible the case agent's testimony that, on November 23, Pugliesi admitted having lied when he provided information to the government at and after entering the plea agreement. See United States v. St. Cyr., 977 F.2d 698, 706 (1st Cir. 1992) ("In the sentencing phase, credibility determinations lie within the domain of the district court."). According to the terms of the plea agreement,[1] the government was thereby under no obligation to recommend a downward departure at sentencing, and its decision not to file such a motion was neither in bad faith nor lacking in a rational basis. See United States v. Catalucci, No. 93- 2129, slip. op. (1st Cir: Sept. 27, 1994).
 
 
 5
 Affirmed.
 
 
 
 [1]
 The agreement states, in relevant part:
 Should evidence of defendant's mendacity, and/or misleading or incomplete replies surface after defendant['s] change of plea, the United States will not be bound to file any motions or make any recommendations favorable to defendant at sentencing.